■ In the Matter of VERIZON NEW YORK, INC., Respondent, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK et al., Appellants. [892 NYS2d 84]—

DoITT's rule on public pay telephones (67 RCNY 6-05) conflicts with the authorizing statute (Administrative Code of City of NY § 23-408) (*see Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]). Section 23-408 (b) provides that a pay phone owner may be cited for a violation in two circumstances: when the owner "repeatedly fails to provide phone services from a public pay telephone for any sustained period of time," or "fails to provide coinless twenty-four hour 911 service from such public pay telephone." Section 6-05 (a) of the City Rules requires 24-hour access to 911 service from any public pay phone, and section 6-05 (e) (1) states that a pay phone owner may be cited for failure to provide coinless 911 access when a phone is found to be fully inoperable "on two occasions within a period no shorter than twenty-four hours." If a phone is thus found to lack a dial tone over a 24-hour period (as was the case with most of the NOVs issued herein), the rule provides that the owner of the pay phone may be cited under the regulation for a 911 violation.

Section 6-05 (a) thus effectively eliminates the Administrative Code's requirement that a failure to provide phone services be "repeated" and "sustained" before a violation can be issued for

that condition. Instead, under the rule, pay phones out of service for as brief a period as 24 hours may be cited for a violation. The administrative rule disregards the distinction, set forth in the City Council's code enactment, between an inoperability condition (which must be repeated and sustained) and a 911 violation (which may be issued in 24 hours).

DoITT's interpretation of section 23-408 (b) of the Administrative Code, in light of section 6-05, disregards legislative history and the practical reality that general serviceability of pay phones and coinless access to 911 are separate issues having different causes and warranting different levels of regulation. The history of pay phone legislation in New York reflects that inoperability and the failure of otherwise operable phones to provide coinless access to 911 have been considered separate and distinct problems. In the early 1980s, certain pay phone service providers, known as customer owned currency operated telephones (COCOT), sometimes programmed their phones to block coinless 911 calls. This prompted the State Legislature in 1990 to enact section 92-c (7) of the Public Service Law, which provides that "No . . . COCOT service provider shall restrict access . . . to any emergency telephone number, including, where available, 911."

The fact that section 23-408 (b) of the Administrative Code requires an inoperability condition to be "repeated" and "sustained" before an NOV is issued, while setting forth an unqualified prohibition against blocking coinless access to 911, reflects that the two issues have separate causes and warrant different levels of regulation. Because coinless access to 911 is centrally programmed, it makes sense to issue a 911 violation whenever such access is blocked by the owner, regardless of whether access is blocked repeatedly or for a sustained period of time. On the other hand, maintaining the operability of thousands of pay phones against vandalism, theft, weather conditions and other circumstances is a demanding challenge, which is why section 23-408 (b) authorizes issuance of an NOV for an inoperability condition only if that condition is "repeated" and "sustained." Section 6-05 of the City Rules, which permits the agency to issue an NOV for a 911 violation whenever a pay phone becomes inoperable for any reason and is not repaired within 24 hours, not only conflicts with the language of section 23-408 (b), but erases the distinction between the two very different problems the City Council addressed separately in enacting that section. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ.